IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03268-GPG

RICARDO ROWLEY,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Ricardo Rowley, is a prisoner in the custody of the Federal Bureau of Prisons. He currently is incarcerated at a federal prison in Indiana. Mr. Rowley initiated this action by filing *pro se* in the United States District Court for the Southern District of Indiana a Complaint (ECF No. 1) pursuant to the Federal Tort Claims Act ("FTCA"). Mr. Rowley's claims arise out of events that occurred while he was incarcerated at a federal prison in Colorado. On December 1, 2014, the Southern District of Indiana transferred the action to the District of Colorado. On January 26, 2015, Mr. Rowley filed on the proper form for use in the District of Colorado a Prisoner Complaint (ECF No. 7).

    The court notes initially that the Prisoner Complaint is not signed by Mr. Rowley. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Although the Prisoner Complaint is not signed,

the court will not require Mr. Rowley to file a signed copy of the Prisoner Complaint because Mr. Rowley must clarify the claims he is asserting in this action. Therefore, Mr. Rowley will be directed to file a second amended complaint.

Mr. Rowley asserts two claims in the Prisoner Complaint. The first claim appears to be a tort claim pursuant to the FTCA. The second claim is a constitutional claim in which Mr. Rowley contends his Eighth Amendment rights were violated by prison employees. Mr. Rowley apparently asserts the constitutional claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He seeks damages as relief.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives the sovereign immunity of the United States in certain circumstances. *See* 28 U.S.C. § 2674. Thus, Mr. Rowley may pursue a claim for damages against the United States pursuant to the FTCA. However, he may not pursue a *Bivens* claim against Defendant. *See Meyer*, 510 U.S. at 484-86. "Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). Therefore, if Mr. Rowley wishes to pursue an Eighth Amendment claim, he must assert the claim against the individual prison employees who allegedly violated his constitutional rights.

For these reasons, Mr. Rowley will be ordered to file a second amended complaint. For each claim he asserts in the second amended complaint Mr. Rowley "must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Rowley file a second amended complaint that is signed and that clarifies the claims he is asserting **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Rowley shall obtain the appropriate court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Rowley fails to file a second amended complaint as directed in this order within the time allowed, the action will be dismissed without further notice.

DATED January 28, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge