IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03268-CBS

RICARDO ROWLEY,

        Plaintiff,

v.

JACOB PATTERSON, M.D.,
CRAIG THOMPSON, RN,
SAMANTHA MCCOIC, and
UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS,

        Defendants.

---

ORDER REGARDING DEFENDANTS' MOTION TO DISMISS

---

Magistrate Judge Shaffer

This matter comes before the court on Defendants Craig Thompson and Samantha McCoic's Motion to Dismiss [Doc. 35], filed on August 7, 2015. Also before the court is Defendant Jacob Patterson's Motion to Dismiss [Doc. 50], filed on October 22, 2015. Upon consent of the parties, this case was referred to the Magistrate Judge for all purposes by Order of Reference dated September 28, 2015 [Doc. 48]. *See* D.C. Colo. LCivR 40.1. For the following reasons, the court grants both motions.

## FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

Plaintiff, a *pro se* prisoner currently incarcerated at a federal prison in Terre Haute, Indiana, filed this lawsuit pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2674,[1]

---

[1] The operative complaint, Plaintiff's Third Amended Complaint, asserts a negligence claim against the Federal Bureau of Prisons ("BOP"). [Doc. 16 at 4]. The court recognized in its Order Directing Plaintiff to File Second Amended Complaint that Plaintiff's negligence claim is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674. [Doc. 9 at 2]. The BOP filed its Answer to this claim on August 7, 2015. [Doc. 36].

and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [Doc. 16]. Plaintiff's claims arise out of events that occurred while he was incarcerated at a federal prison in Florence, Colorado ("USP Florence"). *Id.* at 3.

Specifically, Plaintiff alleges that the Federal Bureau of Prisons ("BOP") was negligent in maintaining the concrete surface of the recreation area at USP Florence, and he injured his left ankle and foot while playing basketball on April 8, 2013. *Id.* at 4. Plaintiff further alleges that his Eighth Amendment rights were violated by the individual Defendants' deliberate indifference in denying him a "lower bunk pass" following his injury. *Id.* at 5. He contends that this led to additional injuries when Plaintiff fell while descending from an upper bunk on April 11, 2013. *Id.* After falling in his cell, Plaintiff claims that Defendants "delay[ed] coming to his aid for a four hour period, during which time he was forced to lie in his own waste." *Id.*

Plaintiff initiated this action by filing his original complaint on November 21, 2014. [Doc. 1]. The court ordered Plaintiff to cure certain deficiencies in his original complaint [Doc. 4], and Plaintiff filed his First Amended Complaint on January 26, 2015. [Doc. 7]. Then, on January 28, 2015, the court directed Plaintiff to amend his complaint again because it was unsigned. [Doc. 9]. The court also told Plaintiff that, in filing a second amended complaint, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

Plaintiff filed a response stating "I'm writing to let the courts know that I would like to pursue the (FTCA) part of the suit & not the Bivins [sic] aspect part of it." [Doc. 10]. In an Order entered on February 19, 2015, the court acknowledged Plaintiff's intent to pursue only his FTCA

claim, but again directed Plaintiff to cure the fact that his operative complaint, as of that date, was unsigned. [Doc. 11]. Plaintiff then filed a Second Amended Complaint on March 2, 2015 [Doc. 13], which was stricken as improper by the court because it was not on the court-approved prisoner complaint form. [Doc. 14].

On March 24, 2015, Plaintiff filed his Third Amended Complaint, which named Jacob Patterson, M.D., Craig Thompson, RN, Samantha McCoic, and the Federal Bureau of Prisons as Defendants. [Doc. 16]. Notwithstanding Plaintiff's prior statement that he no longer wanted to pursue the *Bivens* claim, his Third Amended Complaint asserted this claim against the abovementioned individual Defendants. *Id.* Defendants McCoic and Thompson sent Waivers of Service to the court on April 22, 2015 and April 29, 2015, respectively. On August 7, 2015, Defendants McCoic and Thompson filed a Motion to Dismiss Plaintiff's Eighth Amendment deliberate indifference claim [Doc. 35], to which Plaintiff responded. [Doc. 47]. On August 25, 2015, the court ordered defense counsel to provide it with Defendant Patterson's address so he could be served. [Doc. 38]. On October 1, 2015, Defendant Patterson was served. [Doc. 49]. Thereafter, Defendant Patterson filed a separate Motion to Dismiss for failure to state a claim, as well as insufficient service of process. [Doc. 50]. Plaintiff failed to respond to Defendant Patterson's Motion by the extended deadline, December 30, 2015. [Doc. 51]. As of January 12, 2016, Plaintiff has not filed a response to this motion or requested an extension of time to file a response.

## ANALYSIS

I. **The court lacks subject matter jurisdiction over Plaintiff's *Bivens* claim against Defendant Craig Thompson.**

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda*

*v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for a lack of subject matter jurisdiction may take two forms. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). It may facially attack a complaint's allegations or, as here, it may challenge the facts upon which subject matter jurisdiction depends. *Id.* at 1002-1003.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1003 (internal citations omitted); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

The court is cognizant of the fact that Plaintiff is proceeding without an attorney. Consequently, his pleadings and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (19972)). However, this court cannot act as a *pro se* litigant's advocate. *Id.*

In his Motion to Dismiss, Defendant Thompson argues that this court lacks jurisdiction to consider Plaintiff's claim against him because he is a commissioned officer with the Public Health Service ("PHS") and, therefore, is not subject to *Bivens* liability. [Doc. 35 at 2, 8-9].

Pursuant to 42 U.S.C. § 233(a), the Federal Tort Claims Act is the exclusive remedy "for damage for personal injury . . . resulting from the performance of medical [treatment] by any commissioned officer or employee of the Public Health Service." *Hui v. Castaneda*, 559 U.S. 799, 804 (2010) (quoting § 233(a)). In *Hui*, the Supreme Court recognized that the plain language of the statute preempted *Bivens* claims made by inmates against PHS officers for inadequate medical treatment. *Id.* at 802 ("PHS officers are not personally subject to *Bivens* actions for harms arising out of" medical or related functions).

Here, Defendant Thompson attests that at all times during the relevant time period, he was a Lieutenant with the PHS. [Doc. 35-1 at ¶1]. In addition, he states that all of his actions with regard to Plaintiff were in performance of a medical or related function within the course and scope of his employment. *Id.* at ¶ 2. Plaintiff has not controverted these declarations. *See* [Doc. 47]. Consequently, the court finds that the claim against Defendant Thompson must be dismissed.

II.  **Plaintiff has failed to state a *Bivens* claim against Defendants Samantha McCoic and Jacob Patterson.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the

plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id.* Facts that are "merely consistent" with a defendant's liability are insufficient. *Id.* "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d

1177-78 (internal quotation marks and citations omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

"Under *Bivens*, an individual has a cause of action *against a federal official* in his individual capacity for damages arising out of the official's violation of the United States Constitution *under color of federal law or authority.*" *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (citing *Applewhite v. United States Air Force*, 995 F.2d 997, 999 n.8 (10th Cir. 1993)). In order to impose liability, a violation must be "traceable to a defendant-official's own individual actions." *Pahls v. Thomas*, 719 F.3d 1210, 1225 (10th Cir. 2013) (internal quotations omitted) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). When multiple defendants are involved in a lawsuit, "'it is particularly important' that plaintiffs 'make clear exactly *who* is alleged to have done *what* to *whom*, … as distinguished from collective allegations.'" *Pahls*, 718 F.3d at 1225 (alteration in original) (quoting *Kan. Penn Gaming*, *LLC v. Collins*, 656 F. 3d 1210, 1215 (10th Cir. 2011)). "It is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable… *Bivens* claim." *Id.* at 1226 (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

In their respective motions to dismiss, Defendants McCoic and Patterson[2] argue that Plaintiff's *Bivens* claim should be dismissed because Plaintiff has failed to make non-conclusory

---

[2] Defendant Patterson also argues in his Motion to Dismiss that he is not subject to liability under *Bivens* because he is a private-sector employee, not a federal official. The court need not reach this issue because the motion can be resolved on personal participation grounds. Defendant Patterson further argues that, pursuant to Fed. R. Civ. P. 4(m), Plaintiff's Complaint against him should be dismissed without prejudice because Plaintiff failed to serve him within 120 days after the Complaint was filed. On August 25, 2015, the court held a scheduling conference where it noted the fundamental unfairness of requiring a prisoner-plaintiff to find the address of Defendant Patterson, an individual whom he only had contact with at the prison facility, without any assistance from the BOP. In so noting, the court implicitly found good cause for the failure of service and extended the time for service for an appropriate period.

allegations demonstrating that any defendant personally participated in the Eighth Amendment violation.

Here, the Complaint does not specify how Defendants McCoic or Patterson personally participated in the alleged failure to issue a lower bunk pass or in the alleged four-hour delay in responding to Plaintiff's fall on April 11, 2013. Rather, Plaintiff's claim generically refers to "defendants." [Doc. 16 at 5]. In fact, the Complaint only mentions Defendants McCoic and Patterson by name in two places: first, in the caption; and second, in the "A. Parties" section, where Plaintiff lists their names as parties to the suit and states that they were employed by the BOP. *Id.* at 2. While the court will not presume that Plaintiff could not allege sufficient facts to meet the plausibility standard, the Third Amended Complaint as drafted does not satisfy that standard.

Moreover, the court has previously advised Plaintiff that for each claim he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." [Doc. 9 at 2-3] (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). Even under the most expansive interpretation of the pleading standard, Plaintiff has failed to demonstrate how Defendant McCoic or Patterson personally participated in the challenged conduct. Consequently, the court finds that Plaintiff's *Bivens* claim against Defendant McCoic and Patterson should be dismissed.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants Craig Thompson and Samantha McCoic's Motion to Dismiss [Doc. 35] is GRANTED, and that Defendant Jacob Patterson's Motion to Dismiss [Doc. 50] is GRANTED. The claims against Defendant

8

Thompson are dismissed with prejudice. The claims against Defendant McCoic and Patterson are dismissed without prejudice.[3]

DATED at Denver, Colorado, this 12th day of January, 2016.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge

---

[3] Plaintiff's Opposition to Motion to Dismiss of Defendants' Thompson and McCoic requests permission to file an amended complaint in the event the court finds the Third Amended Complaint does not meet the pleading standard. [Doc. 47 at 7]. In order to make such a request, Plaintiff must file a separate motion for leave to amend and attach as an exhibit a copy of the proposed amended pleading. Fed. R. Civ. P. 7(b); *see also Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185-86 (10th Cir. 1999). If Plaintiff wishes to file an amended complaint in this case, he must file a motion for leave to amend within 21 days of this filing. That amended complaint must also satisfy the pleading requirements set forth herein.